## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ROBERT D. SMITH (#318403)**                              **CIVIL ACTION**

**VERSUS**

**RICHARD L. STALDER, ET AL.**                              **NO. 07-0549-FJP-DLD**

## NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Baton Rouge, Louisiana, this _____30th_____ day of October, 2008.

                              **DOCIA L. DALBY**
                              **MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ROBERT D. SMITH (#318403)**                                      **CIVIL ACTION**

**VERSUS**

**RICHARD L. STALDER, ET AL.**                                    **NO. 07-0549-FJP-DLD**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' motion to dismiss, rec.doc.no. 13. This motion is not opposed.

The pro se plaintiff, an inmate previously confined at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Secretary Richard L. Stalder, Warden Cornel Hubert and Dr. John Prejean, complaining that his constitutional rights have been violated by the defendants' deliberate indifference to his serious medical needs, notably by their prescribing him medication to which he suffered an allergic reaction.

On a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Id., quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, ___ U.S. ___, 127 U.S. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule

12(b)(6) motion to dismiss, in order to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, supra.  See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).  The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged."  Id.  The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."  Erickson v. Pardus, supra.  See also Bell Atl. Corp. v. Twombly, supra.  Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, supra (citations omitted).

Initially, it is unclear from the plaintiff's Complaint whether he has named the defendants in their individual and/or their official capacities.  However, in light of the liberality with which this Court interprets the pleadings of pro se litigants, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court interprets the plaintiff's Complaint as naming the defendants in both capacities.  Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claims against the defendants in their individual capacities, the plaintiff alleges in his Complaint that defendant Dr. John Prejean prescribed him "Catapress" on an unspecified date, which caused the plaintiff's skin to itch and "break out".  On March 1, 2007, Dr.

Prejean increased the dosage of "Catapress" from 0.2 mg. to 0.3 mg., which caused the plaintiff's discomfort to increase.  Finally, two weeks later, on March 14, 2007, Dr. Prejean discontinued the prescribed medication.  The plaintiff complains that he is allergic to "Catapress" and that this allergy is noted in his medical records and on the front of his medical chart.  Accordingly, the plaintiff seeks monetary recovery from the defendants for their alleged wrongdoing.

In response to the plaintiff's allegations, the defendants raise the defense of qualified immunity.  Specifically, the defendants contend that the plaintiff has failed to allege conduct on their part which violated the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.  Hale v. Townley, 45 F.3d 914 (5th Cir. 1995).  As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights.  Second, the district court must determine whether the rights allegedly violated were clearly established.  This inquiry, the Court stated, must be undertaken in light of the specific context of the case, not as a broad, general proposition.  The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted.  Id.

Undertaking the Saucier analysis, the Court concludes that the defendants' motion is well-taken, and that the plaintiff's allegations fail to overcome the assertion of qualified immunity.

Pursuant to well-established legal principles, in order for an inmate to state a claim under the Eighth Amendment of improper or inadequate attention to medical needs, a prisoner must assert that appropriate care was denied and that the denial constituted "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Johnson v. Treen, 759 F.2d 1236 (5th Cir. 1985).   Whether the plaintiff received the treatment or

accommodation that he feels he should have is not the issue. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) supra; Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981).  Nor do negligence, neglect, unsuccessful medical treatment or even medical malpractice give rise to a § 1983 cause of action.  Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991); Johnson v. Treen, supra. Rather, as stated in Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

Initially,  the Court notes that the plaintiff has alleged only supervisory liability on the part of defendants Stalder and Hubert.  Specifically, the plaintiff alleges that, as the Secretary of the Louisiana Department of Public Safety and the medical director at EHCC, respectively, these defendants are "to be held responsible" for the actions and wrongdoings of their employees. However, pursuant to well-settled legal principles, in order for a person to be found liable under § 1983, he must either have been personally involved in conduct causing the alleged deprivation of constitutional rights, or there must be a causal connection between the actions of that person and the constitutional violation sought to be redressed.  Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). Any allegation that the defendants are responsible for the actions of their subordinates or co-employees is insufficient to state a claim under § 1983.  Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Accordingly, inasmuch as the plaintiff has alleged only supervisory authority on the part of defendants Stalder and Hubert, they are entitled to dismissal of the plaintiff's claims against them.

Turning to the plaintiff's claim against the remaining defendant, Dr. John Prejean, although the plaintiff alleges that the defendant prescribed him medication to which he was allergic, and that this allergy was noted in the plaintiff's medical records, the plaintiff does not allege that defendant Prejean was subjectively aware, at the time that the medication was prescribed, of the referenced allergy.  Nor does the plaintiff allege that, by his actions, the defendant intended to cause the

plaintiff harm or knew that harm was substantially certain to follow.  Nor does the plaintiff allege that he ever informed Dr. Prejean - at the time that the medication was prescribed or the dosage increased - of his supposed allergy to this medication.

Based upon the foregoing, it appears clear that although the plaintiff was not satisfied with the medical care which he received at the hands of defendant Prejean, his complaints were nonetheless attended to and were not ignored.  Specifically, the plaintiff concedes that he was attended by Dr. Prejean on several occasions at EHCC and was prescribed medication, Catapres (presumably for hypertension).  Although the plaintiff asserts that he has an allergy to this medication, he does not allege that he informed defendant Prejean of this allergy or that defendant Prejean was independently aware of this allergy.  The mere fact that the allergy was ascertainable from the plaintiff's medical records does not establish that Dr. Prejean was subjectively aware of same.  Ultimately, after an apparently short period of time, the medication was discontinued, and the plaintiff does not allege that he suffered any further complications from the brief period of time that the medication was prescribed.  In short, it is abundantly clear from the plaintiff's own admissions that the defendant did not ignore the plaintiff's complaints.  Accordingly, the Court is unable to conclude that defendant Prejean was deliberately indifferent to the plaintiff's serious medical needs.  To the contrary, the most which may be inferred from the plaintiff's allegations is that the defendant's conduct amounted to negligence or medical malpractice, which is not a cognizable claim under § 1983.  Oliver v. Collins, 904 F.2d 278 (5th Cir. 1990); Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987).  Accordingly, on the record before the Court, there is no factual basis for the imposition of liability against defendant Prejean on the plaintiff's claim.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the defendants' motion to dismiss, rec.doc.no. 13, be granted, dismissing the plaintiff's claims against the defendants, with prejudice,

and that this action be dismissed.

Baton Rouge, Louisiana, this _____30th_____ day of October, 2008.


_____
**DOCIA L. DALBY**
**MAGISTRATE JUDGE**